KATHERINE F. WENGER/ CA SB# 223045
BROWN, GEE & WENGER LLP
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
kwenger@bcglegal.com

ATTORNEY FOR PLAINTIFF BEHAVIOR ANALYSTS, INC.,
a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHAVIOR ANALYSTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTRALREACH LLC; and GREGORY PAQUETTE, an individual;<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR (1) COPYRIGHT INFRINGMENT, (2) TRADEMARK INFRINGEMENT, (3) UNFAIR COMPETITION, AND (4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS |

Plaintiff Behavior Analysts, Inc. ("Plaintiff") alleges against Defendant CentralReach, LLC ("CentralReach"), and Gregory Paquette ("Paquette"), (CentralReach and Paquette are referred to herein collectively as "Defendants") and each of them, as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff is a California corporation whose principal place of business is located in Contra Costa County, California.

2.      Plaintiff is informed and believes and, based thereon, alleges that at all times herein mentioned, Defendant CentralReach LLC ("Central Reach"), is a limited liability company whose principal place of business is located in Pompano Beach, Florida with its West Coast Sales Office located in California.

3.      Plaintiff is informed and believes and, based thereon, alleges that at all times herein mentioned, Defendant Gregory Paquette ("Pacquette"), is an individual who resides in or

1

1  around Boston, Massachusetts.  Plaintiff is informed and believes and thereupon alleges that

2  Pacquette is either an employee or consultant for CentralReach.  CentralReach and Pacquette are

3  collectively hereinafter referred to as "Defendants".

4  **BACKGROUND FACTS**

5        4.      Plaintiff is an organization with its principal place of business in Walnut Creek,

6  Contra Costa County, California that provides educational services and products to address the

7  needs of children with autism and other language delays.  Plaintiff seeks to provide high-quality,

8  effective interventions for children with disabilities and their parents, as well as provide training

9  to other professionals in the delivery of these services

10        5.      In 1998 Plaintiff developed a set of material (including a protocol as well as

11  separate scoring instructions) that are often collectively referred to as the ABLLS.  The ABLLS

12  is an assessment tool, curriculum guide, and skills-tracking system used to help guide the

13  instruction of language and critical learner skills for children with autism or other developmental

14  disabilities.  In 1998 Plaintiff obtained the copyright registration for both the ABLLS Protocol

15  and the ABLLS Scoring Instructions from the United States Copyright Office.   Several years

16  later, Plaintiff wrote and then published a revised version of the ABLLS  - a publication that is

17  commonly referred to as the ABLLS-R.  Like the ABLLS, the ABLLS-R consists of  "the

18  Assessment of Basic Language and Learning Skills, ABLLS-R Protocol (the "ABLLS-R

19  Protocol") and the Assessment of Basic Language and Learning Skills - Revised, Scoring

20  Instructions and IEP Guide, Version 3.2 and  ("ABLLS-R Scoring Guide").  The ABLLS-R

21  Protocol and the ABLLS-R Scoring Guide are hereinafter collectively referred to as the

22  "ABLLS-R".  In 2010, Plaintiff obtained the copyright registrations for the ABLLS-R Protocol

23  and ABLLS-R Scoring Guide from the United States Copyright office.

24        6.      A true and correct copy of the copyright registrations for the ABLLS-R Scoring

25  Guide and ABLLS-R Protocol are attached hereto as Exhibits A-B.

26        7.      At the end of 2015, Defendant CentralReach approached Plaintiff about wanting

27  an electronic version of the ABLLS-R in order to distribute that material as part of the services

28  provided to its customers.  As a result of, among other things, the discussions between

2

CentralReach and Plaintiff, Defendants were aware that Plaintiff's principal place of business was in Walnut Creek, California. Ultimately, Plaintiff and CentralReach were unable to reach any licensing agreement regarding CentralReach's potential use and/or distribution of the ABLLS-R, and Plaintiff never gave CentralReach permission to copy, distribute, and/or make the ABLLS-R available to its customers (or anyone else).

8.   In the beginning of July of 2016, Plaintiff became aware that Defendants were making the ABLLS-R Protocol available to CentralReach's customers through CentralReach's website www.centralreach.com, with Gregory Pacquette listed as the "author" of the ABLLS-R material that was being made available through CentralReach's website. Defendants did not have permission to copy and/or distribute the ABLLS-R through CentralReach's website or by any other means. Nor did Defendants have Plaintiff's permission to list Pacquette as the "author" of any ABLLS-R material (the ABLLS-R Protocol or the ABLLS-R Scoring Guide).

9.   Upon learning of Defendants' unauthorized copying and use of the ABLLS-R Protocol Plaintiff immediately sent correspondence to Central Reach requesting that it cease the publication of the ABLLS-R Protocol, and that it cease making the ABLLS-R Protocol available to CentralReach's customers.

10.   While CentralReach responded to Plaintiff's correspondence and claimed that it had removed the material at issue, the ABLLS-R Protocol remained available to CentralReach's users.

**JURISDICTION**

11.   Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations contained in paragraph 1 through 10 above.

12.   This matter involves the Defendants infringement of the ABLLS-R Protocol as well as the ABLLS-R Trademark, material which Plaintiff owns the exclusive rights to. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338.

13.   Since at least July of 2016, Defendants have intentionally infringed Plaintiff's copyright for the ABLLS-R Protocol. Defendants are aware that Plaintiff holds the copyright for the ABLLS-R Protocol and that Plaintiff's principal place of business is and always has been in

3

1    Walnut Creek, California.

2        14.      Furthermore, Defendants' publication of the ABLLS-R Protocol and use of the

3   ABLLS-R Trademark was and potentially continues to be made available to and/or directed at

4   Central Reach's customers located in the Northern District of California. In particular, Plaintiff is

5   informed and believes that Central Reach (i) has a West Coast Sales office located in California,

6   (ii) actively markets and/or sells its services (which include the ABLLS-R Protocol) to numerous

7   agencies, companies, and/or individuals in California, including customers in Northern

8   California, and (iii) that numerous customers in California, including individuals in Northern

9   California, Use Central Reach's services.  Therefore, because Defendants have purposefully

10   injected themselves into and directed their activity at California and in particular, the Northern

11   District of California, Jurisdiction and Venue before this Court is property pursuant to 28 U.S.C.

12   § 1400.

**COPYRIGHT INFRINGEMENT**

(All Defendants)

15        15.      Plaintiff repeats and hereby incorporates herein by reference, as though

16   specifically pleaded herein, the allegations contained in paragraphs 1 through 14 above.

17        16.      Plaintiff owns valid copyrights for the ABLLS-R Protocol and ABLLS-R Scoring

18   Guide.

19        17.      In 2012, Plaintiff obtained copyright registrations for the ABLLS-R Protocol and

20   ABLLS-R Scoring Guide from the United States Copyright office.   A true and correct copy of

21   those registrations are attached hereto as <u>Exhibits A-B</u>.

22        18.      Defendants copied original elements of the ABLLS-R Protocol and made that

23   material available for use by others by posting the content of the ABLLS-R Protocol on

24   CentralReach's website and making it available to CentralReach's customers.

25        19.      Defendants' copying and making the ABLLS-R available for use by others

26   occurred without Plaintiff's consent.

27        20.      Defendants have unjustly profited as a result of this copying of the ABLLS-R.

28   WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

4

**TRADEMARK INFRINGEMENT**

(All Defendants)

21.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1 through 20 above.

22.     Plaintiff's ABLLS-R trademark is widely used in interstate commerce throughout the United States and in foreign commerce in connection with the (i) sale, (ii) offering for sale, (iii) distribution, and (iv) advertisement of Plaintiff's goods and services.

23.     Plaintiff's ABLLS-R Trademark is registered with the United States Patent and Trademark Office.  Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiff's Trademark Registration certificate for the ABLLS-R.

24.     Defendant's use of the ABLLS-R Trademark constitutes a willful infringement of Plaintiff's registered trademark and is likely to cause confusion, mistake or deceive the public as a result of the similarity of the mark used by Defendants in sound, appearance and meaning. Defendants' continued use of such mark will cause Plaintiff irreparable harm for which there is no adequate remedy at law.

25.     By reason of the foregoing facts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114 *et seq.*  and California Business & Professions Code § 14245, 14247.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**UNFAIR COMPETITION**

(All Defendants)

26.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1 through 25 above.

27.     Defendants' use of Plaintiff's ABLLS-R Protocol and the ABLLS-R Trademark to promote, market, and distribute the ABLLS-R Protocol in direct competition with Plaintiff's products constitutes unfair competition within the meaning of California Business and Professions Code Section 17200.  Defendants' use of the ABLLS-R Protocol and the ABLLS-R Trademark is in a manner that members of the public are likely to be deceived.

5

28.   Pursuant to California Business and Professions Code Section 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (ALL DEFENDANTS)

29.   Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations contained in paragraph 1 through 28 above.

30.   Plaintiff has a prospective economic relationship with individuals who wish to purchase the ABLLS-R Protocol.

31.   Defendants knew of those prospective relationships, and knew that it did not have Plaintiff's permission to make the ABLLS-R Protocol available to CentralReach's users.

32.   Defendants' conduct of making the ABLLS-R Protocol available through its website disrupted Plaintiff's relationship with its potential customers.

33.   As a result of Defendants' conduct, Plaintiff has suffered harm in the form of lost revenue and profits that it would have otherwise received.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants for:

Plaintiff's First Cause of Action (Copyright Infringement)

1.   An order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining Defendants, and their agents, servants, employees, and all persons acting under, in concert with, or for them from:

a.   Using the ABLLS-R Protocol and/or ABLLS-R Scoring Guide, publishing

6

1   either of them in any form and/or making it available to others, including but

2   not limited to making the ABLLS-R Scoring Guide and/or Protocol available

3   to others through CentralReach's website;

4   b.  Otherwise infringing Plaintiff's copyright;

5   3.   For an order directing Defendants to file with this Court and serve on Plaintiff

6   within thirty (30) days after service of an injunction, a report in writing under oath, setting forth

7   in detail the manner and form in which defendants have complied with the injunction;

8   4.   For an order requiring Defendants to deliver up and destroy all infringing goods;

9   5.   For damages as provided for by 17 U.S.C. § 504, including statutory damages as

10   set forth within that section; or in the alternative, for the actual damages suffered by Plaintiff as a

11   result of Defendants' infringement as well as profits obtained by Defendants as a result of their

12   infringing activities;

13   6.   For an order requiring Defendants to file with the Court and provide Plaintiff an

14   accounting of all sales and profits realized by Defendants' use of the ABLLS-R Scoring Guide

15   and/or Protocol, through the time period of entry of final judgment and entry of permanent

16   injunction.

17   7.   Attorney's fees pursuant to 17 U.S.C. § 505, or as otherwise allowed by law, in an

18   amount determined by the Court;

19   Plaintiff's Second Cause of Action (Trademark Infringement)

20   1.   An order requiring Defendants to show cause, if they have any, why they should

21   not be enjoined as set forth below, during the pendency of this action;

22   2.   For a temporary restraining order, a preliminary injunction, and a permanent

23   injunction pursuant to 15 U.S.C. § 1116, enjoining Defendants, and their agents, servants,

24   employees, and all persons acting under, in concert with, or for them from:;

25   a.  Using the ABLLS-R Trademark, including but not limited to using the

26   ABLLS-R Trademark on CentralReach's website and/or any other

27   CentralReach material;

28   b.  Otherwise infringing upon Plaintiff's Trademark.

7

3.   For an order directing Defendants to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.   For damages as provided for by 15 U.S.C. § 1117 including statutory damages as set forth within that section, or in the alternative (1) Defendants' profits, and (2) actual damages suffered by Plaintiff.

5.   For treble damages pursuant to 15 U.S.C. § 1117(b).

Plaintiff's Third Cause of Action (Unfair Competition)

1.   An order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining Defendants, and their agents, servants, employees, and all persons acting under, in concert with, or for them from:

   a.   Using the ABLLS-R Scoring Guide and/or Protocol or making either of them available to others, including but not limited to making the ABLLS-R Scoring Guide and/or Protocol available to others through CentralReach's website;

   b.   Using the ABLLS-R Trademark, including but not limited to using the trademark on CentralReach's website;

3.   For an order directing Defendants to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

4.   Any and all profits that Defendants have received as a result of its use of the ABLLS-R Scoring Guide and/or Protocol, and/or the ABLLS-R Trademark.

5.   Attorneys' Fees pursuant to Cal. Bus. & Prof. Code § 17082

For All Causes of Action

1.   Actual damages in an amount to be proven at trial;

2.   Attorneys' fees as otherwise allowed by law;

3.   Costs of suit;

4.  Any other and further relief the court considers proper.

DATED:   February 9, 2017                    BROWN, GEE & WENGER LLP

KATHERINE F. WENGER
Attorneys for Plaintiff
Behavior Analysts, Inc.

00180048.001

9

COMPLAINT FOR COPYRIGHT INFRINGEMENT